FILED
UNITED STATES DISTRICT COURT
SANTA FE, NEW MEXICO

NOV 1 9 2013

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 12-1911 MV |
| ) | |
| vs. ) | |
| ) | |
| JOSE A. HERRERA, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, JOSE A. HERRERA, and the Defendant's counsel, ERLINDA JOHNSON:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to plead not guilty, or having already so pleaded, to persist in that plea;

    b. to have a trial by jury; and

    a) at a trial:

        1) to confront and cross-examine adverse witnesses,

        2) to be protected from compelled self-incrimination,

3) to testify and present evidence on the Defendant's own behalf, and

4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to an information, charging a violation of 21 U.S.C. § 846, that being Conspiracy.

## SENTENCING

4. The Defendant understands that the minimum and maximum penalty the Court can impose is:

    a. imprisonment for a period of not more than 20 years;

    b. a fine not greater than $1,000,000;

    c. a mandatory term of supervised release of not less than three years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d. a mandatory special penalty assessment of $100.00; and

    e. restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be

prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

Between on or about June 5, 2012 and on or about June 6, 2012, in the District of New Mexico, I, Jose Herrera, unlawfully, knowingly and intentionally agreed with at least one other person, to possess with the intent to distribute a controlled substance, a mixture and substance containing a detectable amount of cocaine. The United States could prove that the cocaine was a distributable amount.

8. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

9. The United States and the Defendant stipulate as follows:

    a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), a sentence of 48 months

imprisonment is the appropriate disposition for this case, and this agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur.

      b.      The Defendant stipulates that he will file no substantive motions.

      c.      If the Court accepts the plea agreement, it must inform the Defendant, to the extent the plea agreement is of the type specified in Fed. R. Crim. P. 11(c)(1)(C), that the agreed disposition will be included in the judgment and the request binds the Court once the Court accepts the plea agreement.

      d.      If the Court rejects the plea agreement containing a provision of the type specified in Fed. R. Crim. P. 11(c)(1)(C), the Court must do the following on the record and in open court (or, for good cause, *in camera*):

           i.      Inform the parties that the Court rejects the plea agreement;

           ii.      Advise the Defendant personally that the Court is not required to follow the plea agreement and give the Defendant the opportunity to withdraw the plea; and

           iii.      Advise the Defendant personally that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the Defendant than the plea agreement contemplated.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

10.      The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## FORFEITURE

11. The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

12. The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

> a Bersa, model Thunder, .380 caliber semi-automatic pistol bearing serial number 486048.

13. The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

14. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

15. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether

constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL RIGHTS

16. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

## GOVERNMENT'S AGREEMENT

17. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a. Following sentencing, the United States will move to dismiss the indictment as to the Defendant and the co-defendant, Amy J. Gonzales.

    b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment/information.

18. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

19. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

20. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

21. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

22. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding. This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 19th day of November, 2013.

STEVEN C. YARBROUGH
Acting United States Attorney

*Samuel A. Hurtado*

SAMUEL A. HURTADO
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I am the attorney of Jose A. Herrera.   I have carefully discussed every part of this Agreement with my client.   Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.   To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

Erlinda Johnson
Attorney for the Defendant

This Agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney.   I understand the terms of this Agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.   No promises or inducements have been given to me other than those contained in this agreement.   No one has threatened or forced me in any way to enter into this Agreement.   Finally, I am satisfied with the representation of my attorney in this matter.

Jose A. Herrera
Defendant